UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LINEBARGER GOGGAN § | | |
| BLAIR SAMPSON, LLP; § | | |
| BEXAR COUNTY; § | | |
| CITY OF SAN ANTONIO; and § | | |
| THE SAN ANTONIO INDEPENDENT § | | |
| SCHOOL DISTRICT, § | | |
| § | CIVIL ACTION NO. | |
| Plaintiffs, § | | |
| v. § | SA-11-CV-0570 OG | |
| § | | |
| DAVID DORNAK, § | | |
| § | | |
| Defendant. § | | |

## SHOW CAUSE ORDER

The matter before the court is movant David Dornak's motion to proceed in forma pauperis (IFP).[1] In considering a motion to proceed IFP, the court must consider the merits of the movant' claims.[2] Dornak seeks to file a pleading titled "Notice of Removal." Therein, Dornak seeks this court's review of proceedings arising from a state-court petition. After reviewing the proposed notice of removal, I question the

---

[1] Docket entry # 1.

[2] *See Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991) ("A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact.").

court's jurisdiction in this case.

Dornak's notice of removal purports to remove state-court Cause No. 2010-TA-102281, 150th Judicial District, Bexar County, Texas. The lawsuit was filed on behalf of taxing entities Bexar County, City of San Antonio, and San Antonio Independent School District by the law firm of Linebarger Goggan Blair & Sampson, LLP (Linebarger).³ The original petition named as defendants Dornak and the former owners of Dornak's home, Linda and Victor Van Dyke.

Dornak does not challenge his liability for property taxes, but instead challenges Bexar County's collection contract with Linebarger and the award of attorney fees in connection with the collection proceeding. Dornak asks this court to declare Linebarger's collection contract void as violative of the Equal Protection Clause. There are at least two reasons why this court lacks jurisdiction over Dornak's challenge.

The first reason is because the Tax Injunction Act prohibits a federal court from "enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."⁴ This prohibition is "a broad restriction on federal jurisdiction in suits that

---

³Linebarger focuses on the collection of delinquent taxes owed to governmental entities.

⁴28 U.S.C. § 1341.

impede state tax administration…."[5] Texas law authorizes the county tax assessor to assess and collect property taxes,[6] contract for the collection of property taxes for other appraisal districts,[7] and contract with an attorney for the collection of delinquent taxes.[8] Texas law also provides for an award of attorney fees to collect a delinquent tax[9] and for a motion to disqualify an attorney.[10]

Dornak's challenge about Linebarger flows from Bexar County's authority to collect property taxes, contract for the collection of property taxes, and contract with an attorney for the collection of delinquent taxes. State law provides for the disqualification of an attorney in lawsuits flowing from Bexar County's authority. State law also provides for an appeal of a state court judgment.[11] By providing for the

---

[5]*United Gas Pipe Line Co. v. Whitman*, 595 F.2d 323, 326 (5th Cir. 1979).

[6]Tex. Tax Code Ann. § 6.23.

[7]*Id*., § 6.24.

[8]*Id*.

[9]*Id*., § 33.48 (providing for the recovery of "attorney's fees in the amount of 15 percent of the total amount of taxes, penalties, and interest due the unit").

[10]*See Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990) ("Disqualification is a severe remedy. The courts must adhere to an exacting standard when considering motions to disqualify so as to discourage their use as a dilatory trial tactic. Thus, the burden is on the movant to establish with specificity a violation of one or more of the disciplinary rules. Mere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice under this standard.").

[11]Tex. R. App. P. 25.1.

disqualification of an attorney and providing for an appeal, state law offers a plain, speedy, and efficient remedy. Because state law offers a plain, speedy and efficient remedy, this court lacks jurisdiction under the Tax Injunction to interfere with the administration of state tax and the state court's adjudication of the collection proceeding.

The second reason this court lacks jurisdiction over Dornak's claim is because the relief Dornak seeks is barred by the *Rooker Feldman* doctrine. Under the *Rooker-Feldman* doctrine, a federal court lacks jurisdiction to entertain a collateral attack on a state-court order.[12] "When issues raised in a federal court are 'inextricably intertwined' with a state judgment and the court is 'in essence being called upon to review the state-court decision,' the court lacks subject matter jurisdiction to conduct such a review."[13]

No question exists that Dornak asks this court to review the state-court ruling on his motion to disqualify Linebarger. Dornak's motion to disqualify Linebarger is attached to his notice of removal; Dornak also attached the plaintiffs' response to the motion and Dornak's reply to the response. Publicly available information indicates the state-court judge denied the motion to disqualify on June 16, 2011 — three weeks before Dornak moved to proceed IFP in this case. Dornak's notice of removal includes the

---

[12]*See Liedtke v. St. Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).

[13]*Davis v. Bayless,* 70 F.3d 367, 375-76 (5th Cir. 1995).

4

same allegations of misconduct complained about in the motion to disqualify. As such, Dornak seeks to challenge the state court's ruling in this court. Because Dornak asks this court to review a state-court ruling, this court has no jurisdiction under the *Rooker Feldman* doctrine.

Based on the foregoing, I direct Dornak to show cause in writing by **July 29, 2011** why this case should not be dismissed for lack of jurisdiction. If Dornak fails to respond to this order by July 29, 2011, I will deny Dornak's motion to proceed IFP and recommend dismissing this case for lack jurisdiction and for failure to comply with a court order and for failure to prosecute.[14]

**SIGNED** on July 18, 2011.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[14]*See* Fed. R. Civ. P. 41(b) (permitting the defendant to move for dismissal on grounds the plaintiff failed to prosecute his case); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").