# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LINEBARGER GOGGAN** | § | |
| **BLAIR SAMPSON, LLP;** | § | |
| **BEXAR COUNTY;** | § | |
| **CITY OF SAN ANTONIO; and** | § | |
| **THE SAN ANTONIO INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| | § | **CIVIL ACTION NO.** |
| **Plaintiffs,** | § | |
| **v.** | § | **SA-11-CV-0570 OG** |
| | § | |
| **DAVID DORNAK,** | § | |
| | § | |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATION

**TO:**   **Honorable Orlando Garcia**
     **United States District Judge**

This report and recommendation recommends dismissing this case under

28 U.S.C. § 1915 for lack of subject matter jurisdiction.  On July, 08, 2011, defendant

David Dornak asked to proceed in forma pauperis to remove a case from state court.[1]  I

screened the case under section 1915(e) and determined that the court lacks subject

matter jurisdiction over Dornak's claims.

**Dismissal under 28 U.S.C. § 1915**.  Under 28 U.S.C. § 1915, the court must screen

an IFP complaint and dismiss the complaint if the court determines the complaint is

---

[1]Docket entry # 1.

frivolous or malicious or fails to state a claim on which relief may be granted.[2]  This

provision permits the court to dismiss those claims whose factual contentions are clearly

baseless.[3]  Dismissal of a claim as frivolous is appropriate where the claim lacks an

arguable basis either in law or in fact.[4]  Similarly, the "district court may dismiss an

action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as

long as the procedure employed is fair.'"[5]  Analyzing the merits of a plaintiff's claim in a

report and recommendation and giving the plaintiff an opportunity to object to the

recommendation is a fair process for dismissing a case.

**Nature of the case**.  Dornak seeks to file a notice of removal to remove state-court

Cause No. 2010-TA-102281, 150th Judicial District, Bexar County, Texas.  The law firm of

Linebarger Goggan Blair & Sampson, LLP (Linebarger) filed the state-court lawsuit on

behalf of taxing entities Bexar County, City of San Antonio, and San Antonio

Independent School District.[6]  The original petition named as defendants Dornak and the

---

[2]28 U.S.C. § 1915(e)(2)(B).

[3]*See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995).

[4]*See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

[5]*Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (citation omitted).  *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

[6]Linebarger focuses on the collection of delinquent taxes owed to governmental entities.

former owners of Dornak's home, Linda and Victor Van Dyke.

Dornak does not challenge his liability for property taxes, but instead challenges Bexar County's collection contract with Linebarger and the award of attorney fees in connection with the collection proceeding. Dornak asks this court to declare Linebarger's collection contract void as violative of the Fourteenth Amendment. Because these allegations indicate the court lacks subject jurisdiction over Dornak's claim, I issued a show cause order and directed Mr. Dornak to address the issues discussed in this report and recommendation.[7] Dornak responded,[8] but he provided no information supporting subject matter jurisdiction. The discussion below explains why subject matter does not exist in this case.

**The court lacks jurisdiction under the Tax Injunction Act**. The Tax Injunction Act prohibits a federal court from "enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."[9] This prohibition is "a broad restriction on federal jurisdiction in suits that impede state tax administration...."[10]

---

[7]Docket entry # 3.

[8]Docket entry # 4.

[9]28 U.S.C. § 1341.

[10]*United Gas Pipe Line Co. v. Whitman*, 595 F.2d 323, 326 (5th Cir. 1979).

Texas law authorizes the county tax assessor to assess and collect property taxes,[11] contract for the collection of property taxes for other appraisal districts,[12] and contract with an attorney for the collection of delinquent taxes.[13]  Texas law also provides for an award of attorney fees to collect a delinquent tax[14] and for a motion to disqualify an attorney.[15]

Dornak's challenge about Linebarger flows from Bexar County's authority to collect property taxes, contract for the collection of property taxes, and contract with an attorney for the collection of delinquent taxes.  State law provides for the disqualification of an attorney in lawsuits flowing from Bexar County's authority.  State law also provides for an appeal of a state court judgment.[16]  By providing for the disqualification of an attorney and providing for an appeal, state law offers a plain, speedy, and efficient remedy.  Because state law offers a plain, speedy and efficient remedy, this court lacks

---

[11]Tex. Tax Code Ann. § 6.23.

[12]*Id*., § 6.24.

[13]*Id*.

[14]*Id*., § 33.48 (providing for the recovery of "attorney's fees in the amount of 15 percent of the total amount of taxes, penalties, and interest due the unit").

[15]*See Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990) ("Disqualification is a severe remedy. The courts must adhere to an exacting standard when considering motions to disqualify so as to discourage their use as a dilatory trial tactic. Thus, the burden is on the movant to establish with specificity a violation of one or more of the disciplinary rules. Mere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice under this standard.").

[16]Tex. R. App. P. 25.1.

jurisdiction under the Tax Injunction to interfere with the state tax administration and the state court's adjudication of the collection proceeding.

In his response, Dornak acknowledged that federal courts are prohibited from assuming jurisdiction over the collection of ad valorem taxes, but he asserted that the federal court should grant his notice of removal because his right under the Fourteenth Amendment was violated by Linebarger's fraud in procuring the tax-collection contract.[17] The statute permitting a person to sue for a violation of civil rights, however, is not a general tort law providing a basis for such claims and does not apply to claims against private law firms.[18] "[I]n addition to providing a remedy when an official abuses his position, [the civil rights statute] is designed to provide a remedy when a state statute itself abridges constitutional rights, when a remedy under state law is inadequate to protect constitutional rights, and when a state remedy, though adequate in theory, is unavailable in practice."[19] Dornak's remedy under state law is adequate to protect Dornak from the abuses he complained about. Because Texas law provides Dornak a plain, speedy and efficient remedy, this court lacks jurisdiction to interfere with the state

---

[17]Docket entry # 4.

[18]*See Jackson v. Cox*, 540 F.2d 209, 210 (5th Cir. 1976) ("[T]he [civil rights] statute was not intended to reach 'all tortious, conspiratorial interferences with the rights of others.' [The statute] was designed to prevent deprivation of equal protection of the laws and equal privileges and immunities, not to serve as a general federal tort law that would permit a suit for fraud or breach of contract, which is the essence of appellant's complaint….").

[19]*Paul v. Davis*, 424 U.S. 693, 718 n. 3 (1976).

tax administration and the state court's adjudication of the collection proceeding.

**The *Rooker-Feldman* doctrine bars Dornak's claim**.  Under the *Rooker-Feldman*

doctrine, a federal court lacks jurisdiction to entertain a collateral attack on a state-court

order.[20]  "When issues raised in a federal court are 'inextricably intertwined' with a state

judgment and the court is 'in essence being called upon to review the state-court

decision,' the court lacks subject matter jurisdiction to conduct such a review."[21]

No question exists that Dornak asks this court to review the state-court ruling on

his motion to disqualify Linebarger.  Dornak's motion to disqualify Linebarger is

attached to his notice of removal; Dornak also attached the plaintiffs' response to the

motion and Dornak's reply to the response.  Publicly available information indicates the

state-court judge denied the motion to disqualify on June 16, 2011 — three weeks before

Dornak moved to proceed IFP in this case.  Dornak's notice of removal includes the same

allegations of misconduct complained about in the motion to disqualify.  As such,

Dornak seeks to challenge the state court's ruling in this court.  Because Dornak asks this

court to review a state-court ruling, this court has no jurisdiction under the *Rooker*

*Feldman* doctrine.

**Recommendation**.  This court lacks subject matter jurisdiction over Dorak's claim

under the Tax Injunction Act and the *Rooker Feldman* doctrine.  For this reason, I

---

[20]*See Liedtke v. St. Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).

[21]*Davis v. Bayless,* 70 F.3d 367, 375-76 (5th Cir. 1995).

recommend dismissing this case under section 1915(e). If the court accepts this recommendation, Dornak's motion to proceed IFP (docket entry # 1) and Linebarger's motion to remand (docket entry # 2) will be moot.

I also recommend a Rule 11[22] warning. Although this is Dornak's first effort to litigate in federal court, his state-court filings support a Rule 11 warning. In state court, Dornak sued The Carlson Law Firm, P.C.; Edna Elizondo Stenberg as heir of deceased attorney Frank Jared Stenberg; attorney Teresa Christian; and Dr. Hector Samaniego. The Fourth Court of Appeals described Dornak's lawsuit as follows:

> Dornak titled his first amended petition "Suit for Rescission, Fraud, Fraud in the Inducement, Conspiracy to Defraud and Damages." He included a lengthy "Background and Facts" section in which he described his relationship with and complaint regarding Carlson. Essentially, Dornak complained that he entered into a contract with Carlson without talking to an attorney and only spoke with paralegals. Further, he complained that Carlson referred him to a medical doctor who never actually treated him but instead turned his treatment over to a chiropractor. Dornak also alleged in his petition that he terminated the services of Carlson after his valid claims were jeopardized by the fraudulent medical clinic operating in conjunction with Carlson. Further, Dornak claimed that Carlson indicated it had a lien on over 90% of the settlement offer amount.
>
> Dornak's pleading continued by alleging Carlson violated Rule 1.5(a) of the American Bar Association, Model Rules of Professional Conduct. Dornak's pleading further alleged that his contract with Carlson should be void and that the contract constituted fraud in the inducement because Dornak never met with attorneys before entering into the contract. Dornak next alleged that Carlson breached its contract when Carlson sent him to a doctor with whom it had a special relationship and in violation of good faith and fiduciary duty. Dornak further stated the contract was breached

---

[22]Fed. R. Civ. P. 11.

by fraudulent billing and by a demand letter that was based on fraudulent medical reports. Dornak then prayed for damages in the amount of $1,893,000.00.[23]

The allegations in the state-court lawsuit and this case suggest Dornak may continue to pursue litigation aimed at attorneys. Because Dornak may not understand the consequences of pursuing frivolous and/or harassing litigation in federal court, I recommend warning Dornak under Rule 11. I recommend directing Dornak to read Rule 11(b) and advising Dornak that the court may sanction a litigant who violates Rule 11(b).

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[24] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for

[23]*Dornak v. The Carlson Law Firm*, Memorandum Opinion, Cause No. 04-10-00592-CV (Tex. App.—San Antonio June 22, 2011).

[24]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[25] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[26]

**SIGNED** on August 8, 2011.


*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[25]*Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[26]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).